MARY O. DEVOE, by Her Husband and Next Friend, THOMAS B. DEVOE, AND HENRY G. WHEELER *vs.* MARTHA M. SINGLETON.

*Bills of Exception—Question and Answer—Cross-Examination.*

Where the bill of exceptions fails to set forth the purport of the answer made by a witness to the question excepted to, the judgment will not be reversed, although it may have been error in the Court below to allow such question to be asked, because the Court of Appeals cannot see from the record that the appellant was injured thereby.

Where a question would be proper on cross-examination, provided there was any testimony in chief on which to base it, the refusal of the trial Court to allow a witness to be asked the question will not be considered error when the record does not disclose the existence of such testimony.

Appeal from the Circuit Court for Harford County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD, JJ.

*Thomas H. Robinson*, for the appellants.

The testimony of William H. Michael and Samuel Gibson as to the mental capacity of William L. Wheeler as set out in the first and third bills of exception, was certainly inadmissible according to the rule laid down by this Court. They are not medical experts, they are not subscribing witnesses to the will, and they have not shown such a *knowledge* of the testator as would enable them to form a rational opinion of his mental capacity, and nothing in fact upon which they could express such an opinion. *Brook* v. *Townsend*, 7 Gill, 10–28; *Waters* v. *Waters*, 35 Md. 541; *Dorsey* v. *Warfield*, 7 Md. 65; *Weems* v. *Weems*, 19 Md. 334; *Kerby* v. *Kerby*, 57 Md. 360; *Stewart* v. *Reddit*, 3 Md. 78.

The second exception is to the ruling of the Court below in reference to the testimony of the witness William H. Michael on cross-examination. In the examination in chief of William H. Michael, defendant's counsel asked the witness " if from his knowledge of William L. Wheeler, he, Wheeler, was, in his opinion, competent to execute a valid deed or contract, on the 25th day of April, 1892, and able to make an intelligent and proper disposition of his estate by will." The witness having answered the above question in the affirmative, the plaintiffs and caveators' counsel, on cross-examination, read the paper-writing purporting to be the will of said William L. Wheeler, to the witness, William H. Michael, and then asked him the following question: " Do you think the disposition of the property made by this will an intelligent and proper one ?" The defendant and caveatee objected to this question, and the Court sustained the objection and refused to allow it to be answered. This was a proper question and the Court erred in refusing to allow it to be answered; the will had been produced in evidence and its contents were properly to be considered by the jury, in connection with the witness' testimony, in order that they might judge of the weight to be given to the latter. *Waters* v. *Waters*, 35 Md. 537.

*George Y. Maynadier* and *J. Royston Stifler*, for the appellee.

The *first* and *third* exceptions may properly be considered together, as they substantially present the same question—and that is : Can a non-expert witness be allowed to give his opinion as to the mental condition of a testator, after testifying to the facts of his (witness') business and other intercourse with him, covering a long period prior to testator's decease, including the date of the will ? That the evidence of the witnesses, Michael and Gibson, " among other witnesses " to the same purport whose testimony was unobjected to, was properly admitted by the Court to go to the jury, after their several statements of their respective business and other relations with William L. Wheeler, the testator, during the period in question, so as to enable the jury to properly estimate the weight to which it was entitled, is, we submit, clearly settled in this State by the authority of reason and the decided cases. *1st Redfield on Wills*, (3d Ed.), 140, 141, 143, 144, (the last reference stating Md. decisions) *et seq. ; Davis* v. *Calvert*, 5 G. & J. 300, 301 ; *Townshend* v. *Townshend*, 7 Gill, 27, 28, *Dorsey* v. *Warfield*, 7 Md. 73 ; *Weems* v. *Weems*, 19 Md. 334 ; *Waters* v. *Waters*, 35 Md. 541-42 ; *Tyson et al.* v. *Tyson*, 37 Md. 582.

The reading of the will by appellants' counsel to witness Michael, and the endeavor to elicit his opinion as to the " intelligence " and " propriety " of its provisions *as a whole*, is unsupportable on principle, and has heretofore received the express condemnation of this Court. *Waters* v. *Waters*, 35 Md. 538.

FOWLER, J., delivered the opinion of the Court.

Issues involving the validity of the will of the late William L. Wheeler were sent from the Orphans' Court of Harford County to the Circuit Court thereof, to be tried before a jury, and during the trial three exceptions were taken by the plaintiffs to the rulings of the Court below as

to the admissibility of certain testimony. In regard to the first exception it is sufficient to say that even assuming that there was error in allowing the witness, Michael, to answer the question as to whether the testator was competent in the opinion of the witness to execute a valid deed or contract at the time of the execution of the will, yet the answer is absent from the record, and it is therefore impossible for us to know what it was. It may have been either injurious or beneficial to the plaintiffs. The answer of the witness not having been set forth in the bill of exceptions, it does not appear that the plaintiffs were injured thereby. In order to justify a reversal there must be both error and injury apparent from the record. *Lawson* v. *Price*, 45 Md. 123 ; *Turnpike Co.* v. *Crowther*, 63 Md. 558 ; *Same* v. *State*, 63 Md. 578, and *Commissioners of Calvert County* v. *Gantt, Tax Collector*, not yet reported—see 28 Alt. Rep. 101.

In the case last cited we held that the refusal to allow a proper question to be answered is in itself a reversable error. " If the question was in itself a proper and pertinent one," says Robinson, C. J., who delivered the opinion of the Court, " it was quite unnecessary for the defendant to state the purpose for which it was offered. The record does not, it is true, show what would have been the answer to the question, and this the record could not show, for the reason that the witness was not allowed to answer." And these remarks apply to the second exception. The Court below refused on cross-examination to allow the same witness, Michael, after the will was read to him, to answer the question as to whether he thought the disposition of the property thereby made by the testator was an intelligent and proper one. Perhaps this question would have been proper on cross-examination if there were any testimony in chief on which to base it, but so far as the record shows there was none whatever, and the Court committed no error in refusing to allow the witness to answer.

What we have said in regard to the first bill of excep-

tions applies also to the third, for it appears that the witness was allowed to answer the question objected to, but the answer is not set forth in this record.

*Rulings affirmed.*

(Decided November 22d, 1894.)